**Jack R. HYDE, Petitioner-Appellant,**

v.

**R. D. MASSEY, Respondent-Appellee.**

No. 78–1783.

United States Court of Appeals,
Fifth Circuit.

March 30, 1979.

Jack R. Hyde, pro se.

Edward R. Downing, Miami, Fla. (Court-appointed), for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before BROWN, Chief Judge, and AINSWORTH, Circuit Judge, and CAMPBELL *, District Judge.

PER CURIAM:

Petitioner Jack R. Hyde was convicted in the state courts of Florida for first degree arson and for breaking and entering with intent to commit grand larceny. His convictions were affirmed on direct appeal, *Hyde v. State*, Fla.App., 1976, 341 So.2d 1103. He subsequently brought this federal habeas petition under 28 U.S.C. § 2254. The District Court adopted the findings and conclusions of the Magistrate and denied relief. We affirm.

In this habeas petition, Hyde argues that the state trial court erred in refusing to suppress a handwritten confession, composed and signed by Hyde about three hours after he had been arrested. Hyde argues first that he was so intoxicated at the time of this confession that he was incapable of voluntarily and knowingly waiving his Fifth and Sixth Amendment rights. The District Court found that his argument was belied by the transcript from the state suppression hearing, and that finding is not clearly erroneous. Hyde's second argument is that the handwritten confession was obtained in violation of his Sixth Amendment right to counsel and the precepts of *Miranda v. Arizona*, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. At the beginning of the interview at which Hyde gave his confession, he was read his *Miranda* rights; he gave no indication that he wanted an attorney present and at the end of his confession he wrote that he understood his rights, knew what he was doing, and was giving his statement freely. In these circumstances, Hyde's confession was properly admitted, notwithstanding the fact that earlier in the evening, just after his arrest, he had requested and spoken to an attorney. *See Michigan v. Mosely*, 1975, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313.

AFFIRMED.

* District Judge of the Northern District of Illinois, sitting by designation.